People v Fay (2019 NY Slip Op 01511)





People v Fay


2019 NY Slip Op 01511


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.


8564 3654/16

[*1]The People of the State of New York, Respondent,
v
George Fay, Defendant-Appellant.


Brafman & Associates, P.C., New York (Mark M. Baker of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Hope Korenstein of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered April 17, 2018, convicting defendant, after a jury trial, of rape in the first degree, criminal sexual act in the first degree and sexual abuse in the first degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007). The evidence established that defendant got into a bed in his apartment, already occupied by the victim and by the victim's sex partner, who was defendant's friend. Defendant then had oral and vaginal sex with the victim, who had never seen defendant before she awoke, while the victim was incapable of consent as a result of being physically helpless. There is no basis for disturbing the jury's credibility determinations. The record fails to support defendant's assertion that this case does not present a true credibility contest. Defendant posits a theory that, while in a semiconscious state resulting from intoxication and fatigue, the victim mistook defendant for the other man, who was her sex partner, and unwittingly engaged in consensual sex with him, whereas defendant, in a similar state, mistakenly assumed that the victim knew who he was and was knowingly consenting to sex with him. However, this theory was both implausible and was contradicted by the victim's testimony, as well as by defendant's own testimony, in which he asserted that the victim was conscious enough to give express verbal consent several times.
In addition, we reject defendant's claim that there was insufficient evidence of oral sex to support the charge of criminal sexual act. The evidence supports a reasonable inference that defendant engaged in both oral and vaginal sex with the victim while she was physically helpless; in any event, in his own testimony (see People v Kirkpatrick, 32 NY2d 17, 21 [1973], appeal dismissed 414 US 948 [1973]) defendant admitted having oral sex.
The court providently exercised its discretion in denying defendant's request, made late in the trial, to call an expert on sleep disorders, who would have testified about the effects of alcohol on sleep and behavior, including that consumption of alcohol can cause persons to engage unconsciously in physical activity while appearing to be awake, and to wake up unaware of the activity. To the extent the record establishes that the People had any advance notice of the content of this testimony, that notice was inadequate under the circumstances. This request would have required a lengthy midtrial continuance for a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir 1923]) and for the People to obtain their own expert. Accordingly, the untimeliness of the request by itself thus warranted denial (see Matter of Anthony M., 63 NY2d 270, 283-84 [1984]).
In any event, defendant failed to offer any scientific basis for the proposed testimony (see generally People v Bennett, 79 NY2d 464, 473 [1992]). Defendant did not preserve his contention that Frye is inapplicable because he only sought to introduce his expert's opinions based on personal experience, rather than explanation of a scientific theory, and we decline to review it in the interest of justice. As an alternative holding, we find that there is no evidence [*2]that the proposed expert had any experience with the proffered theory.
Because defendant never asserted that, as a matter of constitutional law, he was entitled to introduce the expert testimony, his request to do so only raised questions of state evidentiary law and trial management (see People v Lane, 7 NY3d 888, 889 [2006]; see also Smith v Duncan, 411 F3d 340, 348-349 [2d Cir 2005]). We likewise decline to review defendant's unpreserved constitutional claim in the interest of justice. As an alternative holding, we reject it on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]).
The court also providently exercised its discretion when it permitted the People to ask defendant, on cross-examination, about phone calls made about an hour prior to the incident from his cell phone to phone numbers for prostitution services. Defendant's testimony opened the door to this evidence by raising an issue about whether he was seeking a sexual encounter at the time of the events in question (see People v Fardan, 82 NY2d 638, 646 [1993]). Although, earlier in the proceedings, the court mentioned a different way in which defendant might open the door to this evidence, the court, which had not heard defendant's testimony, never intimated that this was the exclusive form of door-opening that might occur.
The trial court's remaining evidentiary rulings, pertaining to preclusion of hearsay statements, were likewise provident exercises of discretion, and they did not deprive defendant of any constitutional right. Defendant was not prevented from eliciting, in the proper manner, any prior inconsistent statements made by the victim.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK